IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 13-669** |
| **JAMAHL SIMMONS** | : | |

**PROTECTIVE ORDER**
**CONCERNING DISCLOSURE OF JENCKS ACT MATERIAL**

AND NOW, this _____ day of _____, 2014, upon the motion of the United States for a protective order restricting the dissemination of material provided under the Jencks Act and under its obligations under Giglio v. United States, 405 U.S. 150 (1972), the Court has considered the papers filed and the arguments of counsel. The Court has weighed the need of the defendant to review the material with the government's interest in preserving the safety of its witnesses. The Court finds that the following restriction does not unduly impair the defendant's ability to assist counsel in preparing for trial and makes a reasonable accommodation for the safety of the government's in-custody witness or witnesses as well as witnesses who are not in custody in the face of a significant risk to their safety. The government's motion is GRANTED. It is hereby

ORDERED

that counsel for defendant Jamahl Simmons shall not provide copies of the following material to the defendant, shall not provide any writing to the defendant that discloses the substance of that material, and shall not allow the defendant to copy and keep this material: summaries of statements of identified non-agent government witnesses; photographs of any non-agent government witnesses; telephone records of any non-agent government witnesses; plea

agreements of government witnesses; letters from the government disclosing information about non-agent government witnesses; lists of true names of government witnesses which identify the witnesses who gave previously disclosed statements.  This order does not prohibit counsel from showing these materials to the defendant and discussing these materials at meetings with the defendant or from reading from or discussing these materials in telephone conversations with the defendant.

                              BY THE COURT:


                              _____
                              HONORABLE C. DARNELL JONES II
                              *Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 13-669** |
| **JAMAHL SIMMONS** | : | |

**UNITED STATES' MOTION FOR PROTECTIVE ORDER
CONCERNING DISCLOSURE OF JENCKS ACT MATERIAL**

The United States now moves for a protective order to limit the dissemination of the documents and photographs that the government will disclose to the defendant concerning certain of the government's trial witnesses. The government seeks an order prohibiting defense counsel from leaving any copies of these materials in the possession of the defendant, who is presently incarcerated at the Federal Detention Center ("FDC") in Philadelphia. As explained below, the government seeks this order out of a concern that allowing the defendant to possess copies of this material within the FDC would endanger the safety of the government's witnesses, including those who are, or will be, in custody at the FDC.

The government possesses statements of at least one cooperating witness that are covered by the requirements of the Jencks Act and/or Rule 26.2. It also possesses other material that may be subject to disclosure under the rule of Giglio v. United States, 405 U.S. 150 (1972) (concerning constitutional obligation to disclose impeachment material). The government intends to disclose this material to the defendant in advance of trial.[1] The trial date

---

[1] Under Rule 26.2 of the Federal Rules of Criminal Procedure, the government is not technically required to disclose each witness's statements until after that witness testifies. In practice, the government usually discloses such material before trial in order to assist the orderly conduct of the trial.

is September 23, 2014. The government intends to disclose this material on or before that date but no later than two weeks prior to trial, and seeks this protective order before that date.

At least one potential witness for the government at trial is, or will be, lodged at FDC Philadelphia, but separated from the defendant in this matter, and there may be other cooperating witnesses not currently in custody at the FDC. The materials that the government intends to disclose concerning each cooperating witness consist of: summaries which are not technically Jencks Act material but which the government nonetheless intends to disclose, plea agreement, telephone records, and photographs of the witness. These materials fully and completely disclose the witness's cooperation with the government and reveal the witness's identity.

The government believes that the dissemination of these materials within FDC Philadelphia would place the witness at significant risk of harm. The government believes that cooperators are disliked by non-cooperating prisoners, and there is some risk to any cooperator who is imprisoned. But the risk would be considerably heightened here by several factors if the disclosed materials were left with the defendant in the FDC. First, the disclosed material explicitly describes each witness's cooperation and sets out his own words incriminating the defendant. Second, the defendant has a substantial motive to incite threats, intimidation or violence against any cooperating witness. The defendant is facing substantial incarceration if he is convicted at trial, including a maximum penalty of lifetime imprisonment, with a mandatory minimum sentence of 25 years' imprisonment.

The other form of discovery that the government seeks to prevent from staying in the hands of the defendant is the list identifying the specific names of the civilian witnesses in this case. Witness intimidation is generally a serious problem in Philadelphia. The government

2

seeks to limit the opportunities for the defendant to engage in such intimidation, or to have others engage in such intimidation on his behalf.   The government will provide copies of statements and interview summaries to defense counsel, but for the safety of the witnesses the government will redact the names of the non-law enforcement witnesses.   The government seeks to prevent the defendant from having the documents with the actual names which they could use to seek to intimidate such witnesses, or have others do so.

The government believes that there is a significant risk that if defense counsel provides the defendant with a copy of the cooperating witness materials in this case that the materials will be circulated within the FDC and beyond.   Although the government has no specific information concerning the defendant's opportunity to do so, the government is aware of past instances in which material provided by the government to counsel, and by counsel to an incarcerated defendant, has been widely shown to other inmates at the place of incarceration and copies distributed outside the prison.   This is a significant risk – whether done with or without the consent of the defendant – and poses the substantial risks described above.

For these reasons the government believes that these sensitive materials should not be allowed to reside or circulate within the FDC.   By keeping these materials out of the FDC there will be no risk that other inmates will have possession of the interview summaries, and plea agreement in which the prisoner witness cooperates and incriminates the defendant and the activities of the charged drug trafficking operation.   By keeping copies these out of the FDC there will be less opportunity for verification and full knowledge of the witness's cooperation, and hopefully a lowered risk to the witness.

This will not adversely affect the defendant his legitimate efforts to prepare for trial.

3

First, the government proposes no limit to the defendant's access to these materials in the presence of his counsel or investigator. The defendant may extensively review and discuss every document the government supplies, providing that he does so in the presence of his counsel. Counsel may spend as much time as he needs with the defendant to review these materials. We propose no limitation on the defendant's use of these materials in the presence of counsel. Counsel must, however, take such materials with them when they leave the FDC. Second, these materials are not for investigative purposes but for cross-examination. Their true value is in court during the government witness' testimony, and in the defendants' cross-examination of those witnesses. The requested restriction and order do not limit the defendant's in-court use of these documents, which is governed by the rules of evidence. Finally, the defendant will be able to discuss these documents with counsel and with any investigators both in person and over the phone. There is no limitation on the telephonic disclosure of the information from these materials to the defendant. The only limitation the government seeks is on the physical possession of these materials and its information by the defendant in the FDC.

  The Court is empowered to enter a protective order for the protection of witnesses before it. The All Writs Act, 28 U.S.C. § 1651(a) empowers a federal district court to issue "all writs necessary or appropriate in aid of [its . . . ] jurisdiction[]." 28 U.S.C. § 1651(a). The government has not located a case in which a court has written about this specific request, but there are decisions which show the issuance of protective orders and in which no question of the power of a court to grant such orders is raised. E.g. United States v. Nicolapolous, 30 F.3d 381, 383 (2d Cir. 1994) (not questioning the power of the district court to prohibit lawyers from

4

sharing certain Jencks Act materials with their clients, and finding no prejudice to defendants from the order; government raised concerns about safety of individuals if disclosed);  United States v. Pichay, 988 F.2d 125 (9th Cir. 1993) (unpublished – text available on Westlaw) (affirming a district court's protective order preventing disclosure of documents as not Jencks Act material); United States v. Truong Dinh Hung, 667 F.2d 1105 (9th Cir. 1981) (permissible for district court to issue protective order requiring defense counsel not to disclose information to clients which was being litigated as to whether it was Jencks Act material);  United States v. Hakim, 1989 WL 12029 (D.D.C. January 25, 1989) (Gesell, J.) (Protective order issued ordering Jencks Act material disclosed for a limited purpose and not to be disseminated).

For these reasons the government seeks an order prohibiting counsel for defendant from providing a physical copy of the following materials to the defendant, or providing their substance in writing : summaries of statements of identified non-agent government witnesses; photographs of any non-agent government witnesses; telephone records of any non-agent government witnesses; plea agreements of government witnesses; letters from the government disclosing information about non-agent government witnesses; lists of true names of government witnesses which identify the witnesses who gave previously disclosed statements.   Counsel may not permit the defendant to copy this information and keep that copy, for this would frustrate the order.   Such order shall not preclude defense counsel or a member of his staff from reviewing such materials with the defendant either in person or by telephone.[2]

Because this motion discloses the government's use of cooperating witnesses, the

---

[2] The government does not believe that an order simply requiring the defendant not to allow anyone else to read these materials would be effective.   The defendant has a strong incentive to disseminate the materials, and it would be nearly impossible to monitor the actions of the defendant in the FDC and to detect any such sharing of the materials.

government requests that the motion and order be filed under seal.

                              Respectfully submitted,

                              ZANE DAVID MEMEGER
                              United States Attorney


                              __*s/ Sozi Pedro Tulante*_____
                              SOZI PEDRO TULANTE
                              Assistant United States Attorney

Dated: <u>August 11, 2014</u>

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the United States' Motion for Protective Order Concerning Disclosure of Jencks Act Material was served by electronic filing and electronic mail to Robert Miller, Esquire, counsel of record for defendant Jamahl Simmons.

                                        _s/ Sozi Pedro Tulante_
                                        SOZI PEDRO TULANTE
                                        Assistant United States Attorney

Date:      August 11 2014