IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-669 |
| JAMAHL SIMMONS | : | |

**ORDER**

AND NOW, this           day of                          , 2014, upon consideration of the Government's motion, and for just cause shown, it is hereby ORDERED that the Government's Motion *in Limine* to Admit Evidence Under Rule 404(b) is GRANTED.

The Court finds that evidence from the defendant's distribution of marijuana to the cooperating witness prior to the conspiracy charged in this case is admissible for the limited purposes of establishing background information that completes the story of the alleged crime and establishing the credibility of the cooperating witness.

The Court also finds that the probative value of this evidence is not substantially outweighed by its prejudicial effect under Rule 403 because the evidence is admissible for limited purposes, and a limiting instruction will remove any undue prejudice.

BY THE COURT:

_____
**HONORABLE C. DARNELL JONES II**
*Judge, United States District Judge*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 13-669** |
| **JAMAHL SIMMONS** | : | |

### GOVERNMENT'S MOTION IN LIMINE
### TO ADMIT EVIDENCE UNDER RULE 404(b)

The government files this Motion *in Limine* to Admit Evidence Under Rule 404(b).   In support of its motion, the United States sets forth the following:[1]

I.    BACKGROUND

   A.    Charges in this Case

Defendant Jamahl Simmons is charged in the Superseding Indictment with six offenses, including conspiracy to distribute five kilograms of cocaine from August 2013 to November 21, 2013.[2]   As described in the Indictment, the defendant mailed Priority Mail parcels filled with cocaine from the Los Angeles area to the Philadelphia area.   When these parcels arrived in this area, they were picked up by R.S.M., a member of Simmons's family, and delivered to Simmons or, in Simmons's absence, to other individuals, such as Stacey Epps or Kenneth Griffin. Simmons and his associates then distributed the cocaine to customers in Philadelphia and received proceeds in exchange.   Three of these Priority Mail parcels, containing a total of five kilograms of cocaine, were successfully intercepted by the U.S. Postal Inspection Service, resulting in the arrest

---

[1]    In filing this motion, the government formally gives notice of the evidence it intends to use at trial under Federal Rule of Evidence 404(b).

[2]    The government intends to seek a Second Superseding Indictment of Simmons alleging the same offenses but also moving back the conspiracy date to approximately October 2012 and identifying other co-conspirators who were involved in the defendant's conspiracy.

of Kenneth Griffin and Stacey Epps on November 13 and November 14, 2013.

   B. Evidence of Marijuana Transactions Between the Defendant and a Cooperating Witness

At trial the government will call a cooperating witness ("CS") to testify about his drug trafficking with the defendant. The CW is expected to testify that he first began receiving marijuana from the defendant, and then a few months later the defendant started supplying cocaine to the CW as part of the conspiracy charged in this case. Whether selling the CW cocaine or marijuana, the defendant "fronted" the drugs to the CW, which means that he sold to him on partial credit and the CW paid the defendant after the CW had sold the drugs.

III. DISCUSSION

   A. Legal Background

Evidence of prior bad acts under Rule 404(b)[3] is admissible as long as the sole purpose for offering that evidence is not to demonstrate criminal character. United States v. Cassell, 292 F.3d 788, 792 (3d Cir. 2002). In other words, "[t]he evidence must fit 'into a chain of

---

[3] Rule 404(b) provides that:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>  (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>  (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged.'" United States v. Green, 617 F.3d 233, 250 (3d Cir. 2010), quoting United States v. Himelwright, 42 F.3d 777, 782 (3d Cir. 1994).   As Rule 404 makes clear, permitted purposes for use of this evidence include "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."   Fed. R. Evid. 404(b)(2).   In fact, the Third Circuit, in United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir.1988), explained that other permissible purposes for the use of 404(b) evidence may include establishing a prior or continuing relationship and familiarity, background information, understanding a coconspirator's role, and showing concert of action.

The Supreme Court has held that evidence is admissible under Rule 404(b) when the following requirements are satisfied:   (1) a proper evidentiary purpose; (2) relevance under Fed. R. Evid. 402; (3) a weighing of the probative value of the evidence against its prejudicial effect under Fed. R. Evid. 403; and (4) a limiting instruction concerning the purpose for which the evidence may be used.   See United States v. Console, 13 F.3d 641, 659 (3d Cir. 1993), citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988).

Rule 404(b) is a rule of inclusion, and there is a presumption of admissibility.   United States v. Sampson, 980 F.2d 883, 886 (3d. Cir. 1992) citing Government of Virgin Islands v. Edwards, 903 F.2d 267, 270 (3d Cir. 1990).   "Thus, the burden on the government is not onerous.   All that is needed is some showing of a proper relevance.   Whereupon the trial court must judge the government's proffered reason, the potential for confusion and abuse, and the significance of the evidence, and decide whether its probative value outweighs its prejudicial effect."   Sampson, 980 F.2d at 888.   "The parameters of Rule 404(b) are not set by the

defense's theory of the case; they are set by the material issues and facts the government must prove to obtain a conviction."  Id.

The Third Circuit's decision in United States v. Green does not disturb this well-established precedent.  In Green, the court explained that evidence of other wrongful acts may be either "intrinsic" or "extrinsic" to the charged crime.  The "intrinsic" label, the court said, is reserved "for two narrow categories of evidence."  617 F.3d at 248.  "First, evidence is intrinsic if it 'directly proves' the charged offense."  Id. (citations omitted).  "Second, 'uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime.'"  Id. at 249, quoting United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000).  "[A]ll else must be analyzed under Rule 404(b)." Id.  The Green court assumed that "most, if not all, evidence currently admitted outside of the 404(b) framework … will remain admissible" under a 404(b) framework.  The court specifically re-iterated the continued inclusivity of the rule, stating that if a proponent could identify *any* non-propensity purpose for introducing the evidence, it was admissible."  617 F.3d 233, 244 (emphasis in original).  The only difference, according to the court, was that a proponent would be required to give notice of his intent to use this evidence, and to identify the specific purposes for which he intended to use the evidence.  Id.

Regardless of whether prior act evidence is deemed extrinsic or intrinsic, to be admissible, it must survive a Rule 403 analysis.  Bowie, 232 F.3d at 927.  There is a "strong presumption" that relevant evidence should be admitted.  See Forrest v. Beloit Corp., 424 F.3d 344, 356 (3d Cir. 2005).  Moreover, where evidence is "highly probative," as it is here, "it is unlikely that any putative prejudice therefrom will be unfair or will outweigh its value."  Hurley v. Atlantic City Police Dept., 174 F.3d 95, 110 (3d Cir. 1999).

As the Third Circuit noted in United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009), "unfair prejudice 'does not simply mean damage to the opponent's cause … [T]he fact that probative evidence helps one side prove its case obviously is not grounds for excluding it under Rule 403.'" (quoting Goodman v. Pa. Tpk. Comm'n, 293 F.3d 655, 670 (3d Cir. 2002)). Unfair prejudice results from the type of evidence "which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found." Ansell v. Green Acres Cont. Co., 347 F.3d 515, 525 (3d Cir. 2003).

Should there be concern about the potential prejudicial impact of any 404(b) evidence, it can be easily dealt with via a "proper limiting instruction." United States v. Cohen, 171 F.3d 796, 801 (3d Cir. 1999). The Third Circuit has previously concluded that appropriate jury instructions can eliminate the issue of unfair prejudice. See, e.g., United States v. Lee, 612 F.3d 170, 191 (3d Cir. 2010); United States v. Givan, 320 F.3d 452 (3d Cir. 2003).

      B.      The Proffered Evidence is Admissible

This Court should admit the CW's proposed testimony that Simmons supplied him marijuana because such evidence is admissible as background information which completes the story of the crime. See United States v. Green, 617 F.3d at 247 ("allowing the jury to understand the circumstances surrounding the charged crime - completing the story - is a proper, non-propensity purpose under Rule 404(b).") The marijuana dealings will provide the jury with context as to how the CW first began dealing drugs with the defendant and their relationship and mutual trust that allowed the defendant to begin selling cocaine to the CW. See United States v. Butch, 256 F.3d 171, 176-77 & n.5 (3d Cir. 2001) (a witness' testimony that he participated in earlier thefts with the defendant was admissible under Rule 404(b) to show the men's relationship and to prove the defendant's intentional participation in the charged theft); United

States v. Rodriguez-Moreno, 526 U.S. 275 (1999) (six prior cocaine deals properly admitted to show "link[s] in a chain of events that led to" charged 30-kilogram cocaine deal, to show "method of operation and preparation," and to rebut defense of "noninvolvement").

The fact that the prior transactions involved a different drug does not render them irrelevant. The courts are clear that "[m]erely because the drugs involved are different does not strip this conduct of its evidentiary value. The past acts of negotiation leading to the distribution of one drug is relevant to show knowledge, motive, and intent . . . [concerning] yet another drug for the purposes of distribution. The relevant factor is the type of activity undertaken, not the identity of the drugs." See, e.g., United States v. Batts, 573 F.2d 599, 603 (9th Cir. 1978) (evidence of large cocaine sale seven months earlier admissible under Rule 404(b) at trial of possession with intent to distribute hashish).

In addition, the defendant's prior marijuana dealings with the CW are relevant to the jury's evaluation of the CW's credibility. In fact, those dealings are pertinent to explain why the CW was trusted and became privy to the matters regarding which he is testifying. "Indeed, evidence concerning a witness's credibility is always relevant, because credibility is always at issue . . . especially when the witness is testifying for the government in a criminal trial." Green, 617 F.3d at 251.

Nor is the probative value of this evidence outweighed by any possible prejudice, much less "substantially outweighed" by the danger of "unfair" prejudice, as required by Rule 403. There is nothing about the evidence which would cloud a jury's dispassionate consideration of the case. Indeed, rather than confusing the jury, it is equally likely that the fact that the earlier sales involved a different drug (marijuana) at smaller amounts will make it easier for the jury to compartmentalize the evidence and consider it only for the limited purpose for which it will be

offered: as proof of the careful negotiations and gradual building of trust between the CW and Simmons, leading to the successful, longstanding drug-trafficking relationship between the CW and the defendant.   See United States v. Palma-Ruedas, 121 F.3d 841, 853 (3d Cir. 1997) (smaller amount of prior cocaine deals admitted as "other crimes" minimized potential prejudice and "likely had no effect on the jury's decision").

Indeed, the Third Circuit has rejected Rule 403 challenges to evidence much more prejudicial then evidence of the prior drug transaction in this case.   See United States v. Sriyuth, 98 F.3d 739, 748 (3d Cir. 1996) (evidence of uncharged rape); United States v. Scarfo, 850 F.2d 1015, 1020 (3d Cir. 1988) (evidence of uncharged murders).   Regardless, a limiting instruction based on Third Circuit Model Jury Instruction § 4.29 will eliminate any potential for unfair prejudice in this case.   See Givan, 320 F.3d at 462; Sriyuth, 98 F.3d at 748.

In short, the probative value of testimony concerning the prior marijuana dealings between the CW substantially outweighed any potential prejudice that flow from introduction of this evidence.

III.   CONCLUSION

WHEREFORE, for the foregoing reasons, the government respectfully requests that this

Court rule that the evidence at issue is admissible and enter the proposed order that is attached to this motion.

                                          Respectfully submitted,

                                          ZANE DAVID MEMEGER
                                          United States Attorney

                                          *s/ Sozi Pedro Tulante*
                                          SOZI PEDRO TULANTE
Date:   August 26, 2014                    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion was served by electronic filing and electronic mail on Robert Miller, Esquire, counsel of record for defendant Jamahl Simmons.

    *s/ Sozi Pedro Tulante*
SOZI PEDRO TULANTE
Assistant United States Attorney

Date: August 26, 2014