**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| **v.** | : **CRIMINAL NO.  13-cr-669-CDJ** |
| **JAMAHL SIMMONS** | : |


**DEFENDANT'S POST-HEARING REPLY MEMORANDUM
<u>IN SUPPORT OF MOTION TO SUPPRESS</u>**


**1.      There is no evidence of articulable facts upon which reasonable suspicion to detain the packages was based.**

Defendant argues, *inter alia*, that the detention of the three mail parcels for investigatory purposes violated the Fourth Amendment prohibition against unreasonable search and seizure, because there was no evidence that the seizures were supported by reasonable suspicion, based on articulable facts, that the packages contained contraband. (Doc. 99).  In response, the government has filed a memorandum in response containing four and one-half pages (4 ½) of facts purporting to demonstrate reasonable suspicion for the  seizure of the packages at the airport in order to transport them to Bala Cynwyd to expose them to  Kirby's nose.  Nowhere in those 4 ½ pages is there a single citation to the record.  The reason for this absence is simple:  all of the facts asserted by the government are *dehors* the suppression hearing record.

The government bears the burden of proving the existence of reasonable suspicion. See *Florida v. Royer*, 460 U.S. 491, 500, 75 L. Ed. 2d 229, 103 S. Ct. 1319 (1983) (stating that government has burden of proving seizure was "sufficiently limited in scope and duration to satisfy the conditions of an investigative seizure"); *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir.

1995) ("once the defendant has established a basis for his motion . . . the burden shifts to the government to show that the search or seizure was reasonable").  With all respect to the prosecutor, bald assertions of fact in a memorandum, which nowhere appear in the suppression record, do not satisfy the government's burden.

   **WHEREFORE**, defendant Jamahl Simmons prays this Honorable Court grant his Motion to Suppress.

           Respectfully submitted,

November 25, 2014         Alan L. Yatvin
                Attorney for Defendant Jamahl Simmons

**CERTIFICATE OF SERVICE**

I, Alan Yatvin, Esquire, do hereby certify that on this date, a true and correct copy of the foregoing has been filed electronically by ECF, and is also being served on the government by ECF to:

> Sozi Pedro Tulante, AUSA
> United States Attorney's Office
> 615 Chestnut Street, Suite 1250
> Philadelphia, PA 19106

November 25, 2014

_____
Alan L. Yatvin

Page 3