UNITED STATES DISTRICT COURT

_____

UNITED STATES OF AMERICA

V.

JAMAHL SIMMONS
No.: 13-669-01

EVIDENTIARY HEARING ASKED
DISCOVERY ASKED

ooooooo0ooooooo
MOTION TO STRIKE AND DENY THE GOVERNMENTS MOTION TO DISMISS
(AND FOR SUMMARY JUDGMENT UNDER GUISE OF MOTION TO DISMISS)
FOR GOOD CAUSE, RECORDS ERROR, AND AS DILATORY
ooooooo0ooooooo

U.S. DISTRICT COURT:

May it please the court. Comes now JAMAHL SIMMONS, Pro Se,
regarding rights secured to him by U.S. CONSTITUTIONAL AMENDMENTS
and STATE LAW INCLUDING COMMON LAW JURAL RIGHTS PROTECTIONS and
State Human Rights protections of federal and international recog-
nition embodied in state codifications. The rights were his as a
pretrial detainee, and were never properly divested from him in any
other capacity or status to date.

Upon his filing under FRCP Rule 41(g) and 28 USC 2072(b) men-
tion with reference to 42 USC 1988 and Civil Rights Act violations
the Government was ordered to respond to his allegations that his
personal property had either or both been improperly taken from him
and retained without due process and proper notice. He also ultimate-
ly accused in his submission that that very property - with the exclu-
sion of his TRUCK - had most likely been lost, stolen, destroyed, sold,
auctioned, or otherwise damaged beyond repair.

Upon the Governments response he is apprised that his truck is
his to have, which he knew already, and that he should designate whom
he would like to pick it up so that they may. Not mentioned about the

Truck (Cadillac Escalade in excellent condition with low miles)
is what condition it is presently in, why it is just being returned,
and what if any proposal is made about the compensation if any for
the depreciation while the vehicle just sat for 2 years or 3.

Furthermore $150K is spoken of as cash, but the Government
speaks of some "lien" where the only thing that SIMMONS knows of
is a lis pendens notice which is not itself equivalent to or the
functional equal of any auto-lien, lien, or any other encumbrance
that can be considered such.  They did not announce any official of-
fice where they had lodged notice of lien whatever and no such notice
with address of the office where such may be lodged has ever been dis-
closed to SIMMONS.

In essence the Government asserts, as grounds to dismiss as lack
of a stated claim upon which relief may be granted and to find a resul-
ting lack  of jurisdictional authority to proceed, the fact that:
(1) It will give back the Truck immediately;
(2) It believes based on agency records that jewelry was properly
forfeited by another agency and never in their hands and thusly they
cannot be held responsible;
(3) Cash in the amount of about $5,000.00 and electronics are still
evidence;
(4) Other materials taken and not returned to date are still evidence
and the court cannot inquire as to where they are or what the chain of
evidence says happened to them to date **nor what they are** to allow a
determination of what actually might be evidence and what is not; and
(5) That the penalties and monetary recovery are not allowed to be had
due to sovereign immunity.

The Court has been invited to treat that motion as a summary motion
and thusly as it coyly sought that treatment it violates FRCP Rule 11
or professional ethics and professional responsibilities.

For the reasons which follow the court must STRIKE and DENY the GOVERNMENTS MOTION TO DISMISS for good cause and records error - and because it is merely dilatory tactics at work - and proceed with evidentiary hearing, returning the TRUCK FORTHWITH to SIMMONS designee whom he designates to take possession of the TRUCK and to assess its condition mechanically and physically, and such further proceedings as may be found warranted upon inspection of the EVIDENCE AND RECORD custodians chain of custody documents from the time of seizure of all property to present.

Moreover, the issue of the properties (Houses) must be inspected as one of the houses has been sold for reasons unknown to SIMMONS and without notice to him while the government is claiming some lien for $150K and thereby admitting that the $150K cash they previously claim seeking to forfeit and keep of SIMMONS is demanded returned since here there is no mention of refusal to return it or desire to keep it and no official records until now say anything about any LIEN.

## II. MATERIAL AND TRUE COMPLETE FACTS.

A. PROCEDURAL HISTORY.

SIMMONS had several businesses successful and prospering, his taxes for those businesses as an entrepreneur speak for themselves. The IRS surely never sent any money back. That's for sure. Despite that the agents in his case said he never filed any wage taxes - whatever that means - misleading a grand jury and other reading their records to conclude that SIMMONS had no gainful employment nor legitimate means of having the things that he had that the agencies took from him.

Simmons was indicted. He does not claim to know entirely why and most of the accusations made little sense to him except to the extent it was an obvious monetization attempt using lawyers and governmetn monikers to conceal real and true party-in-interest and identity disclosures of those behind the transactions records and accountings on which they sought recovery of "payment or performance of some type."

As far as Simmons is aware the Grand Jury was initially administratively convened without any review of or referral in accordance with the practices, protocols, and procedures dealing with Grand Jury proceedings and referral to Grand Jury for investigation and/or prosecution by US Attorneys.

Even the Grand Jury themselves were not made aware that the individual placed before them as having property, luxury vehicles, estate jewelry, and other valuable assets was an entrepreneur who was a taxpayer.

On information and belief , having a continuing duty of care and of truth and honest services, the US Attorneys and AUSA by and through various agents before a Grand Jury insinuated to the Grand Jury in a misleading way that in essence SIMMONS had no legitimate means of earning a living that could be ascertained.

Meanwhile the same persons making such representations had access to loan documents, business documents, Corporate papers, and earnings statements of SIMMONS showing that he had legitimate and lucrative means of earning a living. Simmons filed to QUASH.

The Same Grand Jury was misled into thinking that Simmons had no legitimate reasons to travel recently and frequently back and forth from the west coast besides illegal reasons. They not once mentioned his business interests or pursuits, legitimate business partners, investments in property and other matters, or his philantrophical pursuits the the Greater Philadelphia and California Areas. Simmons was painted as another random black man with a lot of luxury lifestyle habits and no legitimate ear-nings. A theme that the prosecutors offices throughout the U.S. have had a long and abusive romance with for decades on end.

A theme often with very little connection with reality or truth.

SIMMONS logic for quashing was simple. Lack of Standing, fraudulent con-
cealment of material facts regarding the true transactions and identities of
records systems owners and users founding the allegations any enforcement would
be predicated upon, and attempt to securitize accounts receivables to achieve
more pay thereupon than any obligation could be deemed worth and without any
duty or duty of inquiry exercize by the would be payor whereby he might seek and
inquire after the original instruments which created any liability claimed and
requests to inspect the chain of assignment and reassignment if any associated.
As he believed securities would result from the transaction, knowing that he would
be misrepresented as the authorized party authorizing any Security Registration
identifers to be sought and for the instruments to be so converted he articulated
his non-consent to any type of such conduct without full disclosure to him per-
sonally first.

All of this he did AFTER communicating clearly that he was NOT guilty, DID
NOT WANT OR NEED COUNSEL, WAS NOT IMPOVERISHED, and would not SPEAK TO INVESTI-
GATORS but rather needed or required specific DISCOVERY produced aimed at dis-
closures of the said information about what is said above and on record in the
case - where SIMMONS was treated as insane for even asking common questions in
any money or business related parliamentary procedure - but to evade that the
Government stacked again by getting another (3rd) indictment on Feb. 4, 2015
most likely from a whole different Grand Jury than with either of the previous
indictments.

In getting the first, and all subsequent indictment,the Governments Attorney
firms employees failed to follow the practices, protocols, and procedures for
obtaining indictment, for taking persons in front of a grand jury several times,
and they did not answer any discovery besides ones relating to enforcement pro-
cess investigations and then with that they only answered what they chose.  For
example they would not answer whether they all presently were properly maintaining
minimum coverages required by the Fed. and State Bar Registry offices and disci-
plinary Agencies. It is quite possible, therefore, that none of the Governments
attorneys were members in good standing of any bar at the time of the  Action,
Acts, Errors, and Omissions against SIMMONS interests.

Accordingly, SIMMONS is compelled and inclined to oppose and object to the
present order of USDC whereby the Judge there attempts to explain that he made
a substantive change to a Judgment months after it was issued, and after appeal
was entered and noted, because the Governments Attorneys agreed to only take $150K
and it will aid in seeing if they took more than they were supposed to.

The fact that the change will aid or not aid is a definitive substantive change
and thusly NOT inherently administrative nor CLERICAL.  Any such omission - if that
is what is being claimed effected substantive rights.  Its inclusion now effects
substantive rights.  And the change made to the record is NOT TIMELY.  It is es-
pecially not clerical and rather substantive because the failure to mention such
$150K forfeiture on the record was exploited by the other side already as an am-
biguity to found their taking more and different than what the law would have even
"feasibly" allowed. Now that they have violated the law, violated the due process
of the law, that is a choice they must be bound to and they should not be permitted
to be heard in explaining to keep anything if they improperly disposed of anything.
The court must assume that the outcome was their intent all along and it only be-
came relevant to them to have put on record formally once they got accused of mis-
conduct and stand to lose it all including what they would have otherwise been
"feasibly" arguably permitted to dispose of as they see fit.

As far as SIMMONS recalls the Government wanted him to have everything except
the firearms.

After nearly a year SIMMONS filed a FRCrimP 41 motion citing to Civil Rights Act violations and 42 USC 1988.

Immediately, suddenly and without notice, SIMMONS became aware from a random online check of the docket that the Court acted by entering an amendment to the Judgment already nearly a year old and without anyone ever asking it (Simmons never received any notice of motion or notice of appeal from the other side leading up to the amendment).

Simmons immediately sought Relief from the amended Judgement for good cause. See Docket entry at Amendment, and subsequent submission about it including Rehearing request and notice of and request for interlocutory appeal relating to the same.

Meanwhile the US Attorneys were ordered to answer for their client(s).

They have and SIMMONS hereby timely Replies to that Response in accord with rules controlling such instances and his substantive rights to due process of the law despite procedural mechanisms. As stated their "answer/response" is a motion to dismiss and agreement to give back a Truck and apparently $150K in cash not forfeited to date.

B. REGARDING RULE 41 FOR RETURN OF PROPERTY.

Simmons wanted to sue.  But the law requires exhaustion. In this context he had to get the other sides perspectives.  He has.  Regarding all property in the possession of the government most of it, if not all of it, is actually NOT evidence and never was.  It is believed that all of the miscellaneous items with value are NOT evidence but rather have been lost, stolen, destroyed, con-verted illegally, or have been auctioned.

The Government has responded to a few contentions they believe to have been set forth, but omitted one.

They properly perceive that SIMMONS states that most of the property they took and have is no longer evidence and probably never really was. Simmons believes they took much to inconvenience him and to put him at a financial disadvantage while he was prosecuted.

They properly perceive that the Truck was not properly forfeited and must be returned and have conceded that that is truth. SIMMONS wants it returned to the party on the attached Notice filed In Camera for the privacy of the party acting as receiving agent for SIMMONS.

SIMMONS alerted that the $150K cash is not properly forfeited and he wants that returned to. The other side has silently conceded that failing to even address it. That should be forwarded in accord with the disbursement agreement indications annexed to the Rule 41 itself. If further instruction is needed please say so.

Real property was listed as taken and not returned or fully released from their processes and that is truth. They claim some lien is what it was all along but in fact there was not a lien only notice of Lis Pendens requested on the docket. That is not a lien. It is not an auto-lien.

Simmons valued the property at $500K plus ($150K brings the total up). He sought penalties as well ($55K and $1K pr/day for each day the the property items were not returned which should have been past the date they should have been returned).

In the Governments reply they do not say the property is not worth the totals indicated and they hint at the $150K cash not forfeited properly.

C. Seizure and administrative forfeiture were not proper.

The search warrants on 6634 Boyer St. in philadelphia, the esclalade (vehicle) search warrant at6634 Boyer, and the search warrant on 2739 Germantown Ave. in Philadelphia which contained the business'smoke signals' owned by Simmons, and all property taken were obtained on affidavits containing intentional material omission and misrepresentations.  See above. $5,980.00 is taken too. Jewelry and electronics were taken as well.  All kinds of other things were randomly taken like it was a swap meet shopping bizarre at SIMMONS homes and business. (It should be noted that in affidavit to search one of SIMMONS homes and businesses it embodied a lie to the Underlying Grand jury that he had no legitimate income that they could see as otherwise legitimate means of supporting his lifestyle. Among the miscellaneous items were business records and taxes.

1. The Currency.

a. Seizure of $5,980.00 was improper.

At 6634 Boyer agents took $5,980.00 out of a personal safe. Nothing illegal was with it.  SIMMONS wrote to the USPIS soon thereafter, and timely, affirming that the item was in fact his and that he wants it back or wants his date in US DISTRICT COURT for its return immediately.  He wrote 2 more letters after he was was ignored.  Apparently USPIS simply ignores claimants as a means of RISK MANAGEMENT.  Any records otherwise are rigged to be self-serving injurious falsehoods.  SIMMONS still demands his funds back and will sue to have them and the certified custody chain.

As an important note by federal regulation and US CODE every party making a submission to the U.S. or any agency thereof may be fully prosecuted for false representations, attempt to defraud the U.S., and for lying to a federal law enforcement office or officer. As such the claim presented by SIMMONS was proper and properly couched, and was sufficient to trigger the terms of the coverages for liability in place covering property theft, damage, loss, destruction, and personal injury.

Such submissions of such quality have been found sufficient with claims managers for acceptance, processing, investigation, and claim payment. They have been found sufficiently backed by the full commercial and personal liability of the claimants where signed originals are sent, received, identify the property, state ownership, and sufficiently demand its return or just compensations.

Money is innocent in the eyes of the law and mere possession thereof is no crime. It is not the job of USPIS nor of SIMMONS to demonstrate that something taken from him, documented as such, and not accused to be stolen or illegal to have possession of, is not properly held by SIMMONS. It may be the IRS problem, but not theirs. SIMMONS does not conceed their theories.

The USPIS apparently claims, and demonstrates, that it has developed an unconstitutional practice developed a lucrative unconstitutional cusom, practice, tradition, and policy of converting citizens property and funds in violation of due process by (a) calling claims against their insurance carriers timely made requests for mitigation and remission; (b) by calling claims for judicial hearings in Court requests for mitigation and remission; and (c) by bifurcating procedures to attempt to mask their receipt of valid and timely claims demanding return of all items

b. Seizure of $120.00.

See above. SIMMONS wants it back and will sue for breach of his pretrial detainee rights. And due process rights.

2. Jewelry.

See above. SIMMONS wants it back and will sue for breach of his pretrial rights, pretrial detainee rights, and due process rights.

3. CADILLAC ESCALADE.

See above. SIMMONS wants it back and will sue for breach of his pretrial rights, pretrial detainee, and due process rights. Unless it is immediately returned as is due, to the designee, with reasonable depreciation payments, and in excellent condition as it was received in or with sufficient repair money.

The designated recipient is  Teresa Myers, receiving Agent Time Credit Lifeline  and contact information is annexed with specific instructions.

4. Real Property.

See above. SIMMONS accuses and maintains that the Government took possession or its functional equivalent, by process, of his home and/or his business. Despite their contentions to this court that they did not. There was no$150K lien. And the original judgment said nothing of any lien. It was subsequently rendered void or null and no valid subsequent Judgment entered.

The CHAIN OF CUSTODY must be inspected from the evidence and records custodians as to every item of SIMMONS property effected by warrants, seizures, and forfeitures.

For everything that the government claims they had no possession of EVER those records must be inspected and certified by the custodian.

5. Other Miscellaneous Personal Property.

See above.  SIMMONS suspects that much of the property claimed to be needed for trial no longer exist. The Court should inspect the list - since the Government admits having this stuff - and see that all such items still exist as SIMMONS alleges they have converted, destroyed, or sold off entirely.

This court has jurisdiction and duties to do so. And if it is found that the US Attorney lied to the court or misled the court this Court must presume that no lie is too big to have been told to this court and that all paperwork may be forged and items sought converted as accused.

For this SIMMONS WILL SUE for his properties value to him.

Until SIMMONS sees certified records from the evidence and records staff/custodians he can only assume that the other side is embellishing every thing they said.  Especially considering these partial and forgery laden records they have presented as proof. Their proofs prove nothing, only that the record was made by someone and SIMMONS does not concede that they mean any more than that. SIMMONS asserts their proof is meaningless as incomplete records.

III. DISCUSSION/ASSERTION OF FACT.

Facts conclusively conflict.

A. Statutory Background FRCrimP 41(g) with CIV RIGHTS ACT.

The Court must receive evidence on any factual issue necessary to decide the motion.  And must consider if search and seizure was ever legal, and more.

Though not mentioned by the other side there is a factual dispute over what property the Government took or attached by process, has, and maintains presently. The AUSA speaking is <u>NOT</u> the evidence or document/records custodian and they do not cite referring to any official record or document, nor the custody chain for evidence, in asserting that of all the property involved and taken in by them - including cash - they only have the truck still, that the $150K forfeiture they speak of is not CASH but some lien, and that everything else they never touched or still exists in their possessions but that its evidence. There is a presumption that unless the other side can prove that there was <u>NO ILLEGALITY</u> pre-dating any attempted administrative forfeiture, or during by the takers/or the forfeiting agency persons, SIMMONS must have it all back or equitable and just compensation therefor. See Chaim, 692 F. Supp. 2d at 468.

With Rule 41(g) SIMMONS listed CIVIL RIGHTS and CIVIL RIGHTS ACT violations and invoked 42 USC 1988 as well in its principles and demand that civil rights <u>SHALL BE VINDICATED</u>.

The Court may order the return of the property still in the governments possession. See Peloro V. United States, 488 F.3d 163, 177 (3rd Cir. 2007). And may do equity between the parties as justice would require under the totality of the circumstances. United States V. Bennett, 423 F.3d 271, 274 (3rd Cir. 2005)(substantive and procedural due process grounds may be the cause of the filing). Due Processs is a civil right Act listed civil rights and civil rights protection expressly. 42 USC 1988 requires that state common law fill in any gaps which might make federal laws insufficient as a remedial model or vehicle here. Id @ 42 USC 1988 & Civil Rights Act.

And while the 3rd Circuit in some instances has suggested that

monetary relief is unavailable without a seperate basis for payment or damages or monetary relief for the governments loss, destruction, sale, theft, or damaging of seized personal property of private citizens (See United States V. Craig, 694 F.3d 509, 513 (3d Cir. 2012)) 5 USC 552a (Privacy act Codified) et. Seq. provides otherwise.

The Decisions indicate that MONETARY damages are available, as is monetary award, in this sort of case where the government has expressly waived its soverign immunity! All cases cited by the Gov't say this.  See United States V. Bein, 214 F.3d at 415 and see Bein cited as standing and for backing throughout the governments Motion and objection seeking denial and dismissal.  As is Craig.

Privacy Act and the Insurance Coverages and bonding of the Government and agencies and agents involved broadly waives any immunity of any kind for demands within the policy limits and triggers. SIMMONS expressed a damages/award cap of "the statutory and policy stated" U.S. liability limits and as otherwise stated by law or policy.

While the government cites the clean hands doctrine they seem to forget the fact that it applies to them as well.  Specifically violating the duty of candor in these courts, or violations of prohibitions against misconduct by dishonesty, misrepresentation/fraud, or criminal conduct or failure to report any of these, will lead to the Government having unclean hands and acting in bad faith on record to keep, have, or maintain personal property of a private citizen.  Such nullifies any presumed authority of the government to have, keep, or maintain anything ab initio and nunc pro tunc.

B. Relief is available for Items Disposed of Illegally.

USPIS never recorded their timely receipt of SIMMONS demand for his property back or its equal value in cash, and indicating a wish for judicial proceedings if they would not comply.

In fact, rumor has it -in legal circles of those of knowlege -
that USPIS and the other myriad of agencies often pretend not to
receive claims for property return, indications that their records
in support of forfeiture premises are inaccurate or forged, and
seeking immediate return or judicial proceedings. Most often the
USPIS and others "claim" that what they received was an agreement to
enjoy one of their "mitgation and remediation" internal administra-
tive and waiving - knowingly and intentionally - judicial proceedings
and the right to any judicial review. Which farce and pretenses
itself is a self-serving misrepresentation and mislabelling usually.
And most certainly here.

Once a claim is presented seeking return, payment as compen-
sation, or indicating suit is desired to resolve it THERE CAN BE
NO ADMINISTRATIVE FORFEITURE.

### 1. There was no admin. forfeiture in fact.

An administrative forfeiture is only authorized where the
agency follows the statuory procedures and provides adequate and
lawful notice of the forfeiture proceeding to all potentially
interested parties. Whether a party files a claim for return or
for judicial proceedings, or for mitigation and remediation, does
not alleviate the agencies lawfully required ministerial obliga-
tions nor allow them to abandon their compliance to them. See
Marbury V. Madison, S.Ct. (hist.); and see 18 USC 983(a)(1)(A) &
(e).

Choosing a judicial forum is the Property owners right. See
FRCP 64/69 stating that after attachment by seizure state law con-
trols. State laws, providing for due process, require hasty notice
and actual service on the interested parties by personal service on

the interested parties and by publishing in the locally distributed newspaper and/or by posting at the courthouse.  Other methods may be deemed insufficient and ineffectual notice.

The timely filing of the claim stops the administrative process.  See 21 CFR 1316.76(b) and state commonlaw.  Also see provisions of what constitutes allegations and claims under the agencies insurance Contracts properly made and laid.  The USPIS was made aware of the demand for the return of property in person orally by SIMMONS during his arest - all of it - while being marandized and even after being told expressly of penalties for lying to them or their offices and officers whether in writing or not.  The Postal inspector himself was present, witness, and received such statements.

Then again shortly thereafter the demand was made again in writing.  The other side acknowledges receiving it all timely. See 21 CFR 1316.76(a)(b).

The other side never referred anything to the U.S. Attorney to review for Judicial Action, and no civil complaint was ever filed within the state or federal time limits.. See 18 USC 983(a)(3).

The property, all of it, whether supposedly needed for evidence or not is required to be returned.  18 USC 983(a)(3).

The various agencies often miss such deadlines and then accuse the Property Owner of being negligent and untimely filing for return or Judicial Review as the forum, and then like here they attempt to convince this court and Property Owner  SIMMONS that they are not strictly bound to do the process right and timely if they can rig the record after they violate processing and records laws to look as if the Property Owner messed up also. The thing is the property owner can mess up but if they do the right to have the property vanishes if it ever existed.

There is no law that states that the law enforcers may break the law and then by some subsequent act validate that which was previously unlawful.  19 USC 1609 certainly does not allow it.  So if the agencies botch the handling of the process or property it can void any potential forfeiture penalty forever..

In fact not even calling demands of the Property Owner SIMMONS "petition for mediation and remission" can alter the nature of the demands **as insurance** claims and proper claims for return of the property or for judicial proceedings to be instituted if they can be (not all referrals for judicial proceedings end up judicially processed).

There is nothing inherently criminal in possession of assets or money in and of themselves and when funds and assets are encountered without presence of any illegal contraband the presumption of legal and lawful ownership and use of those assets and funds is presumed strong.  It is not the Owners duty to prove it is lawfully had but for the takers to prove that it was being used for, to facilitate, to be provided for, or the fruits of, illegal conduct invoking the right to seize in the first place  under the tax, tariffs, etc. authorities.

Nobody in their right mind seeks remission or mitigation except those compelled by the agency ignoring their lawful request for return or judicial proceedings.  And where the request has been ignored or converted there is nothing inherently-legitimate about any remission or mitigation decisions nor inherently timely about the processing of the Claim for return or for judicial review.

All of the conversation about Mitigation and remission should be STRICKEN as it occurs in these proceedings only as the agency attempt at adoption of their self-serving built in presumptions of a valid and final forfeiture.

2. Rule 41(g) Applies to all property involved.

Rule 41 is available here where SIMMONS seeks the return of property, or compensation for it, where the government and agency did not PROPERLY or TIMELY seize and forfeit administratively SIMMONS property, assets, rights, and cash. This is fatal to any resistance or suggestion that SIMMONS lacks standing. Or that this court lacks Subject Matter Jurisdiction to proceed as to all other items. See Berlin V. United States. 478 F.3d 488-490 (2nd CIr. 2007).

As such is the case SIMMONS submission must go forward and cannot be deemed any challenge to a "completed" (proper) administrative proceeding or administrative forfeiture. See APA 5 USC 702 and 706 , and see 5 USC 552a(Privacy Act requirements to make adverse decisions). 18 USC 983(e) does not apply strictly speaking.

Rule 41(g) submissions are only barred - in very limited circumstances - where a CIVIL forfeiture occurred with due notice of such and full compliance with due process actually and if NO CONSTITUTIONAL VIOLATION HAS OCCURRED. Here constitutional violations are accused and have not been disproven. See United States, V. Lynch. 2012 WL 6609010, *3(ED PA 2012)(quoting).

3. NOTICE PROVIDED FOR ADMIN. FORF. WAS DEFICIENT/DEFECTIVE.

The Government did not take reasonable steps to provide actual notice nor as to accusation of some defect and they did not do it timely. See Rule 41 Submission.

And if the Governments claim is insufficiency of SIMMONS demands for property back or judicial proceedings SIMMONS was not timely given any reason to know that for some claimed defect nobody would adhere to the protocols. The government cannot meet their burden of showing otherwise nor that they rigorously complied with due process.

#1 Except for SIMMONS submitted claim for the return of all of his property under oath as the condition that the marandizing and threats not to lie to federal officials was expressed to him in person and he expressed his understanding and acceptance of those conditions nothing is signed by him until he received the written notice finally later than controlling law allows.

#2 SIMMONS was in jail and the obscure site of the DOJ for forfeitures is NOT readily availabvle to anyone in jail.

#3 No notice was published in any local newspaper.

#4 No clear instructions for anything were delivered to SIMMONS and the Notices of the Agency are intentionally misleading and overly confusing.  Law requires a notice of deficiency if the agency would later attempt to rely upon the theory of such.

Therefore because the Government and agency did not - and never intended to - reasonably comply with actual notice requirement and did not note any deficiency until now the defense they pose lacks merit or if it had merit it would require present immediate institution of Judicial Proceedings except now it would be untimely such that the law only authorizes RETURN OF ALL PROPERTY AND CASH to SIMMONS immediately.

At any rate the Government cannot claim to not have known SIMMONS would want his property back or Judicial Forfeiture where he has continuously demanded its return and now sues under 41(g) in rem soon to be followed up with in personam suit for damages if proven to be warranted by further developments.

And SIMMONS first learned about the $150K deficient forfeiture process within the last 30 days as it was not taken off of his person (but he wants it back as it was listed as his property).

This together with his Rule 41(g) shall constitute timely notice of his claim of process deficiency and for its return immediately.  See Settle V. United States, 2012 WL 3891616. *2 (ED Mo. 2012)(Claimant could show lack of actual notice when the property was not seized from him at the time of his arrest).

C.  THE GOVERNMENT CANNOT SHOW BY EVIDENCE CUSTODIAN CERTIFICATION AND CHAIN OF CUSTODY DOCUMENTS THAT THE PROPERTY TAKEN IN HAS NOT BEEN LOST, STOLEN, OR DESTROYED, OR SOLD.

The Owner is entitled to a hearing where he seeks it to see that his property still exists where no signs that it does exist.

The government has not alleged or shown that they need ALL of SIMMONS property they took in as evidence.  They did not even use it all the first time in SIMMONS trial.  No "NEED" for the property as evidence has been shown but rather a "possible need" has been inferred but not stated.  A possible need does not authorize continued detention of property some of which is clearly not needed before or now as evidence of a thing.  See United States V. Van Cawwenburghe, 827 F.2d 424-426. 433 (9th Cir. 1987).

The government does not identify what miscellaneous property it needs to retain.  They should be required to do so.

And arguably the seizure was illegal  as predicated upon proceedings improperly founded and improvidently began and continued upon misrepresentation and deceit.  See Rule 41(g) and herein.

The other side insists that at this juncture the Court should deny defendants inquiry and investigation requests as to the miscellaneous and other property because it constitutes evidence of the alleged charged offenses and should remain in the governments poss-

ession but that is laughable especially when they have not shown the court that they still have any of the property they attached in this action besides the Truck which they are now giving back while trying to retain all of the sums of depreciation they cost Simmons while they held on to it without cause or justification. For such reasons, until the court has had a chance to have and inspect the evidence chain documents certified as authentic records by the record custodian and evidence custodian(s) to see if in fact the Government even still has anything, when they received everything, and when - if they have disposed of it (or it disappeared)-exactly it all came to be "missing" while in their hands and coffers this Court should STRIKE any assertion that anything is in the Governments Possession still or that it is or was needed to ever be held as evidence in the first place.

Of course if it has gone missing, any of it, the Government has admitted in so many words that evidence has been prematurely destroyed, altered, or stolen or perhaps even sold, without any permission or basis in law to do so. And without previous notice to SIMMONS.

D. The Court Does not Lack Subject Matter Jurisdiction
Under 41(g) to Consider the Monetary Claims for Relief
where the Government is not immune due to Insurances Held.

SIMMONS asks a penalty, authorized and covered by the insurance policies in place held to cover the liability from what the accused agencies have done. $55K is certainly less than the listed U.S. and policy liability limits, and the additional $1,000.00 per day for each day the property was not returned past the earliest day it could have been returned - up to and stopping at the U.S. and Policy liability limits of course - is authorized by 5 USC 552a((G)(4)(A) verbatim for having and maintaining inaccurate records or false ones.

The Governments belief that the court is not authorized to
grant the penalties and recovery is predicated in their belief
that therre is sovereign immunity against it.  They cited US
V. Bein, 214 F.3d at 415 and other cases like it saying the same
thing to bolster the proposition.

But actually it is not believed that the Government believes
what they are representing to this court at all.  The fact is that
so long as insurance exists within its limits there is a broad and
express waiver of immunity and admission that the accused were "doing
business" within every and all meanings of the phrase.  Moreover the
law of the state where this Court sits (see 28 USC 2007 Et. Seq. and
FRCP 64/69 and the rules governing seizures under Tax, Tariffs, and
customs) deems any having and maintaining records on any individual
besides themselves to be "doing business" and thusly subject to what
legal significance that is given in the host state/forum state.

That misrepresentation to the court, made by ones held to
have to know the law of their state and country, is a violation of
FRCP Rule 11 Principles requiring honest representations, it is in
breach of the Professional Responsibility Codes duty of candor there-
fore, and/or also violates - it would seem if not withdrawn - the
professional misconduct prohibitions of that same code as to Fraud,
deceit, misrepresentation,  and dishonesty. Surely the discipline
authority and Registry System Managers would frown on that.

Again, as stated herein-above, since the Government postures
that only immunity could prevent this Court from awarding a penalty
of $55K and $1,000.00 per day for each day the property was not re-
turned and therefore inaccurate, incomplete, and forged records were
had and maintained againt SIMMONS demands for correction and return
of property no longer in existence and his funds and truck and that

theory is frivolous and without merit surely they would conversely
agree backed by their lines of cases - and they cited many - that
where the government has "waived its sovereign immunity" the de-
cisions  do not bar "monetary damages againt the government."  See
Ordonez V. US, 680 F.3d 1135, 1140 (9th Cir. 2012) cited by the
other side at pg 22 Doc. 333.

Because the Policies for coverage for property loss, theft,
destruction, mutilation, or damage are triggered by the claims and
allegations made by SIMMONS in his Rule 41(g) submission, and the
other side cannot claim that all involved in the transaction on
their side of the dispute DO NOT have and maintain insurances that
specifically list coverage for such instances as these by name as
a trigger, money damages here are not only permitted but warranted,
contractually required, and a right of SIMMONS to receive poste haste.
See Insurance Policies involved as to coverages, triggers, and state
claim processing and settlement laws effecting Claims Processing Mgrs.
and adjusters duty of good faith and to refrain from Human Rights and
discrimination abuses in claims settlement matters. Because nothing
may impair the obligations of contracts, and SIMMONS claims a right
to payment under a contract of insurance by which any immunity is
waived within its limits and terms the argument against what is due
by U.S. Employees must fail.  See Marbury V. Madison, Hist. US S.Ct.
(nothing may impair the constitution, and the constitution may not
impair the obligations of contractsx; See also 28 USC 2072(b) from
the judicairy act emobodiment of the right to be free from procedural
modification, or abrogation, of substantive and common law jural rights.
Id. 2072).

The arguments of the Government in part D of their Motion fails.
It should all be stricken as irrelevant rhetoric misinterpreting law

and perceiving the wrong facts as controlling.  SIMMONS seeks monetary relief/damages resulting from the possibly illegal handling, loss, theft, destruction, depreciation, and records being held as inaccurate for quite some time without cause or explanations.

This court has the right and duty to entertain it as this court DOES NOT lack subject matter jurisdiction to consider them. And further an evidentiary hearing is obviously needed ab initio as many inquiries must be made such as: what the policies for coverage cover and say, when-if property has gone missing-did that occur and why and how, why if property has gone missing has the U.S. Attorneys involved (AUSA) claimed it to still exist and claimed that existence as grounds to keep SIMMONS belongings where it is a farce, despite what the U.S. Attorneys (AUSA) states about the property what does the evidence chain and records custodian certify to be the Facts, and whether an offense against the laws of the United States and State Human Rights laws has been witnessed by the AUSA or particpated in passively by any bound to refrain from participation and to report it to this court forthwith as well as any superiors who should be alerted under prevailing norms and laws.

IV. CONCLUSION

For the reasons explained above, and actually inadvertantly admitted by the government and others on the other side to date, SIMMONS requests and requires that the MOTION TO DISMISS couched to be taken as a MOTION FOR SUMMARY JUDGMENT for lack of jurisdiction be STRICKEN in its entirety and DENIED, that the $150K lien be lifted for good cause or that evidentiary hearing required regarding it occur, that SIMMONS be granted return of his $150K in cash by check or that

the evidentiary hearing regarding it occur, that evidentiary hearing be had to inspect the records regarding liens against and possession chain of the real properties listed as 6634 Boyer St. Philadelphia, PA 19119 and 2739 Germantown Ave. Philadelphia, PA 19133 that SIM-MONS recalls being told the Government were trying to take and had attached by service of process thereupon and that CERTIFIED records and EVIDENCE and RECORD CUSTODIANS ONLY be inspected about it for the true facts relating, that the CADILLAC ESCALADE be photographed and returned with copies of photographs of the interior and exterior to verify condition to the Court and delivered with the vehicle for inspection and"quality assurance purposes" by ORDER DELIVERED TO:

TIME CREDIT LIFELINE
Teresa Myers, Receiving Agent

The phone number and all delivery information is personal information of the receiving agent of Time Credit Lifeline ("TCL") and will be provided by seperate document to the Court and other parties to arrange delivery. Full authority to negotiate and receive the vehicle as well as all incidental needful powers related to carry out the receipt and storage, and other acts related to the matter, is assigned hereby and by authority of the annexed documents delivered Sealed and In Camera as exempt from publication, And conduct evidentiary hearings as is required to determine if the Governments opposition to miscellaneous property return is warranted or founded in actual existence of the property currently or a mere smoke-screen where much or all of the property is not evidentiary in nature, is held to pretend claims which were not valid were (tax returns, business licenses, etc.), or otherwise does not exist presently any more at all, and PROCEED forward on all of this including the matter of and evidentiary hearings to determine Monetary Penalties which may be warranted or required as sought. Sought.

And grant all such other relief deemed appropriate, warranted, and favorable to the stated ends as is shown or believed to be just under the totality of the circumstances favorable to SIMMONS and his claims and property rights. [See 42 USC 1988 and CIVIL RIGHTS ACT]

Grant Limited Discovery which must be allowed where summary is sought. As such, SIMMONS demands to see the Certification of the chain of custody for every item by the Records and Evidence custodians and to know by certification the whereabouts presently of every item EXCEPT the Escalade Truck which is no longer at issue due to agreement to its return and that it should've been returned forthwith in accord with law as not needed as evidence any longer since long ago.

All set forth herein is true, correct, and complete verified by affidavit which follows and sworn herein per 28 USC 1746 and under the local and state laws for perjury where this court sits.

Respectfully Presented,

JAMAHL SIMMONS                    8/15/16
PO BOX 10
LISBON, OH  44432

PROOF OF SERVICE:

I, Jamahl Simmons, do hereby certify that a true and correct copy hereof was forwarded via usps fcm paid this 18/15/16 by placing in the mail at jail.  28 USC 1746. Mailbox Rule. Mailed to the Court and all interested at their addresses of Record for service.

SS:    _Jamahl Simmons_            8/15/16

JAMAHL SIMMONS

PO BOX 10

LISBON, OH  44432

## AFFIDAVIT OF CONCURRING HARM & INJURY

I, Jamahl Simmons   , do hereby on this __8/15/16__   , 2016 state and affirm that all herein and in the foregoing is true, correct, and complete under the laws of the County and State of **Pennsylvania** for perjury as well as under 28 USC 1746 and records laws at 18 USC 1001, 287, and 31 USC 3729:

1) I am over the age 18;

2) I am personal first-hand witness to all stated;

3) The rights at issue are mine;

4) If called to recite the facts I would do so;

5) Any copies as exhibits annexed hereto are true and correct copies from my files and records on the matters;

6) Where information and belief are indicated as sources of reliance the source of reference is one which is not reasonably subject to disregard or challenge in this forum and locale by any involved;

7) I am aggrieved by the actions and inactions of the accused parties;

8) All stated is the truth of the matters and I have never seen any proof or evidence otherwise and do not believe any such proof or evidence exists at all.

SS: _____ [L.S.]
JAMAHL SIMMONS        8/15/16
PO BOX 10
LISBON, OH  44432